UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>GROVER DUANE WOOD,<br><br>           Defendant. | NO. CR-04-0172-EFS<br><br>**ORDER GRANTING DEFENDANT'S SECOND MOTION TO ALTER CONDITION OF SUPERVISED RELEASE** |

Before the Court, without oral argument, is Defendant Grover Duane Wood's Motion to Alter Condition of Supervised Release, ECF No. 78, and related Motion to Expedite, ECF No. 80. Mr. Wood asks the Court to alter standard supervised-release conditions 1 and 2 in the December 2, 2005 Judgment, ECF No. 62, to allow him to travel throughout the continental United States for travel required by his employment as a long-haul truck driver. On May 20, 2011, the Court granted Mr. Wood's first motion to modify these conditions, allowing Mr. Wood to travel throughout eleven western United States. ECF No. 73. Defense counsel states that the United States Probation Office has been consulted and does not object. The United States Attorney's Office filed a response to Mr. Wood's motion, stating that it has no objection. ECF No. 83.

//

/

ORDER ~ 1

Because Mr. Wood has fully complied with all terms of his supervised release and because his gainful employment is an important aspect of his rehabilitation during this four-year supervision period, the Court grants his motion and amends the terms of his supervised release as set forth below.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Alter Condition of Supervised Release, **ECF No. 78**, and related Motion to Expedite, **ECF No. 80**, are **GRANTED**.

2. Standard Condition No. 1 shall be modified as follows: the Defendant shall not leave the judicial district without the permission of the Court or probation officer.  If, however, the Defendant's employment as a long-haul truck driver for Action Moving Services or Wheaton Van Lines requires him to travel outside the Eastern District of Washington, he need not secure advance permission from the Court or probation officer, but shall immediately notify his probation officer of the details of the job upon learning that he will be traveling.  He shall immediately provide written proof of the assignment upon request by the probation officer.  Travel is limited to the continental United States.

3. Standard Condition No. 2 shall be modified as follows: the Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.  If, however, the Defendant cannot comply with this condition because he is working outside the District as set forth in Standard Condition No. 1, he may report by telephone to the probation officer and shall report in person or as the probation officer otherwise directs within twenty-four hours of his return to the Eastern District of

Washington.  If required by the probation officer, the Defendant shall report to a USPO along his travel route.

4.   Defense counsel's Ex Parte Motion to Withdraw Request for CJA Reappointment, **ECF No. 77,** is **GRANTED**.  Defense counsel's Ex Parte Motion for CJA Appointment Nunc Pro Tunc, **ECF No. 75**, is **DENIED as withdrawn**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel and the U.S. Probation Office.

**DATED** this    5th     day of March 2012.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Criminal\2004\172.modify.SR.2.lc2.wpd

ORDER ~ 3